IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL BULLOCK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 2:97-cv-188-ECM |
| | ) | [WO] |
| WILLIE JOHNSON, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION and ORDER**

On February 18, 1997, the Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). On December 22, 1997, the petition for habeas corpus was denied and this case was dismissed with prejudice. (Doc. 30). The Petitioner did not appeal.

On May 22, 2023, the Petitioner filed a motion to reopen this case (doc. 32) asserting that he was incompetent to stand trial in 1990. He seeks to reopen his habeas petition to challenge his state convictions for murder and attempted murder.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the

assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]." 28 U.S.C. § 2244(b)(3)(B) & (C).

Bullock was convicted in 1990 of murder and attempted murder. *Bullock v. State*, 586 So. 2d 284 (Ala. Crim. App. 1991). Because Bullock seeks to challenge his conviction, his motion to reopen his case would constitute a successive § 2254 petition subject to the limitations of § 2244(b). Bullock furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this court to proceed on his successive petition for habeas corpus relief. "Because this undertaking [is a successive] habeas corpus petition and because [Bullock] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the court of appeals authorizing the district court to consider a successive habeas petition, the district courts lack jurisdiction to consider the petition). Consequently, the motion to reopen case (doc. 32) is due to be denied.

Accordingly, for the reasons as stated, it is

ORDERED that the motion to reopen case (doc. 32) is DENIED.

DONE this 21st day of August, 2023.

                                                 /s/ Emily C. Marks
                                      EMILY C. MARKS
                                      CHIEF UNITED STATES DISTRICT JUDGE